UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH LINELL BELL,

    Petitioner,

                               CASE NO. 1:07-CV-14481
v.                       JUDGE THOMAS L. LUDDINGTON
                               MAGISTRATE JUDGE PAUL KOMIVES

CAROL R. HOWES

    Respondent.[1]
_____/

## REPORT AND RECOMMENDATION ON RESPONDENT'S MOTION FOR SUMMARY JUDGMENT (docket #7)

I.     <u>RECOMMENDATION</u>: The Court should conclude that petitioner's application for the writ of habeas corpus is barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d). Accordingly, the Court should grant respondent's motion for summary judgment (docket #7).

II.     REPORT:

A.     *Procedural Background*

Petitioner Keith Linell Bell is a state prisoner, currently confined at the Florence Crane Correctional Facility Coldwater, Michigan. Petitioner is serving a sentence of 10-30 years' imprisonment imposed as a result of his 2003 state court convictions for possession with intent to deliver cocaine. Petitioner's application and the state court record reveal the following time line of the state court proceedings:

- Petitioner was convicted of possessing with intent to deliver more than 225 grams but less than 650 grams of cocaine, pursuant to his January 22, 2003, guilty plea in the Genessee County Circuit Court. On February 27, 2003, the Court imposed its sentence.

---

[1] By Order entered this date, Carol R. Howes has been substituted for Kenneth Romanowski as the proper respondent in this action.

- Petitioner's appellate counsel filed a motion for resentencing and a motion to withdraw, asserting that there were no meritorious appellate issues. That motion was granted on September 15, 2003. Petitioner filed no further direct appeal of his conviction.

- On February 10, 2006, petitioner filed a motion for relief from judgment in the trial court pursuant to MICH. CT. R. 6.500-.508. The trial court denied the motion on March 21, 2006. *See People v. Bell*, No. 02-009700-FC (Genessee County, Mich. Cir. Ct. Mar. 21, 2006)

- Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, which was denied in a standard order on June 20, 2007. *See People v. Bell*, No. 276503 (Mich. Ct. App. June 20, 2007).

- Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which was denied in a standard order on September 24, 2007. *See People v. Bell*, 480 Mich. 893, 738 N.W.2d 719 (2007).

On October 9, 2007, petitioner filed this application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] As grounds for the writ, petitioner contends that the trial court erred in rejecting his entrapment defense; the trial court erred in denying his motion for relief from judgment; and his appellate counsel was ineffective. Respondent filed a motion for summary judgment on May 2, 2008, arguing that petitioner's habeas application is untimely. Petitioner has not filed a response to the motion.[3] For the reasons that follow, the Court should grant respondent's motion for summary judgment.

B.  *Timeliness of Petitioner's Habeas Application*

---

[2]Although petitioner's application is file-stamped October 22, 2007, it is well-established that a habeas petition is deemed "filed" for purposes of the statute of limitations on the date the petitioner gives his motion to prison officials for mailing. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *Beckovich v. Coyle*, 22 F. Supp. 2d 722, 723 (N.D. Ohio 1998); *cf. Houston v. Lack*, 487 U.S. 266, 270 (1988). Petitioner's application is dated October 9, 2007. Accordingly, I assume that the petition was given to prison officials for mailing, and was thus "filed," on October 9, 2007.

[3]On June 30, 2008, I entered an order giving petitioner until August 15, 2008, to file a response to the motion for summary judgment.

Respondent argues that petitioner's application is barred by the one-year statute of limitations governing habeas petitions. On April 24, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1220 (Apr. 24, 1996). In relevant part, the AEDPA amended 28 U.S.C. § 2244 to provide a one year statute of limitations for habeas petitions. Specifically, the statute as amended by the AEDPA provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).[4]

As the language of the statute indicates, there are four possible dates on which the limitations period may begin to run. The claims asserted in petitioner's habeas application do not implicate subparagraphs (B) through (D), and thus subparagraph (A) applies here. Under subparagraph (A) of § 2244(d),

> a judgment of conviction does not become "final" . . . until the Supreme Court affirms the conviction and sentence on the merits or denies a timely filed petition for

---

[4] The AEDPA codified a one-year statute of limitations provision for motions to vacate federal convictions brought under 28 U.S.C. § 2255 which is nearly identical to the one found in § 2244(d)(1). *See* 28 U.S.C. § 2255 para. 6. Accordingly, cases discussing the § 2255 statute of limitations are applicable here.

3

certiorari.

In addition, if a defendant does not file a certiorari petition, the judgment of conviction does not become "final" until the time for seeking certiorari review expires.

*Kapral v. United States*, 166 F.3d 565, 570-71 (3d Cir. 1999); *see also*, *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997) (conviction became final upon denial of certiorari); *Torres v. Irvin*, 33 F. Supp. 2d 257, 271 (S.D.N.Y. 1998) ("[A] judgment of conviction only becomes final upon the expiration of the ninety days to seek a writ of certiorari from the United States Supreme Court."); *United States v. Dorsey*, 988 F. Supp. 917, 918 (D. Md. 1998) (same); *cf. Penry v. Lynaugh*, 492 U.S. 302, 314 (1989) (for purpose of determining whether application of new rule of law would be an impermissible retroactive application to a case which has already become final, conviction becomes final upon denial of the defendant's petition for certiorari); *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) ("By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.").

Here, petitioner did not file an appeal after his counsel withdrew. His time for seeking leave to appeal expired, at the latest, one year after the judgment of sentence was entered on February 27, 2003. *See* MICH. CT. R. 7.205(F). Because he did not file an application for leave to appeal, his conviction became final on February 27, 2004, when his time for seeking leave expired, *see Brown v. McKee*, 232 F. Supp. 2d 761, 765 (E.D. Mich. 2002) (Rosen, J.), and the limitations period expired one year later on February 27, 2005. Because petitioner did not file his petition until October 9, 2007, it is barred by the statute of limitations unless the limitations period was tolled for any reason.

Pursuant to the provisions of § 2244(d)(2), the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" Petitioner's motion for relief from judgment

4

was filed in the trial court on February 10, 2006. At this time, the limitations period had been expired for nearly one year. It is well established that subsection (d)(2) is a tolling provision and therefore a post-conviction motion only pauses the limitations clock; it "does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.2d 13, 17 (2d Cir. 2000); *see also*, *Brooks v. McKee*, 307 F. Supp. 2d 902, 905 (E.D. Mich. 2004) (Gadola, J.). By the time petitioner filed his motion for relief from judgment, the one-year limitation period had already expired, and thus this filing cannot serve to toll the limitations period. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Jackson v. Dormire*, 180 F.3d 919, 920 (8th Cir. 1999) (per curiam); *Smith v. Stegall*, 141 F. Supp. 2d 779, 782-83 (E.D. Mich. 2001) (Gadola, J.).

Petitioner has not filed a response, and thus does not provide any basis for reaching a different conclusion. I note for the sake of completeness that neither counsel's alleged ineffectiveness nor petitioner's actual innocence claim, both of which are asserted in the petition, constitutes a basis for finding the petition timely. With respect to counsel's alleged ineffectiveness, it is true that counsel did not file an appeal on petitioner's behalf. Counsel did, however, file a motion to withdraw asserting that there were no non-frivolous appellate claims which could be raised. in *Anders v. California*, 386 U.S. 738 (1967), the Court held that appellate counsel may withdraw based on his conclusion that an appeal would be wholly frivolous, so long as counsel: (1) advises the appellate court that an appeal would be frivolous; (2) requests permission to withdraw; and (3) files "a brief referring to anything in the record that might arguably support the appeal." *Id*. at 744. Nor can petitioner show that counsel's filing of an *Anders* brief was itself ineffective. At the time of his conviction, petitioner had no right under Michigan law to the appointment of counsel to seek leave to appeal his plea-based conviction. *See Halbert v. Michigan*, 545 U.S. 605, 612-13 (2005). Although *Halbert* struck down this provision of Michigan law, that decision is not retroactively

applicable to petitioner's case. *See Simmons v. Kapture*, 516 F.3d 450, 451 (6th Cir. 2008). Thus, counsel's withdrawal does not provide a basis for equitable tolling or otherwise ignoring the limitations period.

Nor does petitioner's claim of innocence overcome the limitations bar. The Sixth Circuit has held that the actual innocence exception, which allows a court to review the merits of a habeas claim notwithstanding a procedural default, likewise exists for the habeas statute of limitations. *See Souter v. Jones*, 395 F.3d 577, 598-602 (6th Cir. 2005). In order to be entitled to the actual innocence exception, a petitioner must present "new and reliable evidence that was not presented at trial" that "show[s] that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 299 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup*, 513 U.S. at 327 (internal citation and quotation omitted). It is not sufficient to show merely that the evidence raises a reasonable doubt which did not otherwise exist. *See id.* at 329 ("The meaning of actual innocence . . . does not merely require a showing that a reasonable doubt exists in light of the new evidence, but rather that no reasonable juror would have found the defendant guilty."). "Examples of evidence which may establish factual innocence include credible declarations of guilt by another, trustworthy eyewitness accounts, and exculpatory scientific evidence." *Pitts v. Norris*, 85 F.3d 348, 350-51 (8th Cir. 1996) (citations omitted); *accord Schlup*, 513 U.S. at 324 (referring to "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"). *See generally*, *Souter*, 395 F.3d at 589-90.

Petitioner does not support his claim of innocence with any new, reliable evidence which would have led the trier of fact to acquit him. Petitioner's innocence claim is based on the entrapment

6

claim asserted in and rejected by the trial court. To the extent that petitioner's claim is based on the evidence which was adduced at trial, a rehashing of the evidence presented at trial is insufficient to make out an actual innocence claim. *See Spencer v. White*, 265 F. Supp. 2d 813, 818 (E.D. Mich. 2003) (Gadola, J.); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1191 (E.D. Mich. 2001) (Tarnow, J.). Further, petitioner's actual innocence claim relates solely to his entrapment defense. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Thus, to establish the actual innocence exception "petitioner must show that, as a factual matter, he did not commit the crime for which he was convicted." *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001). Petitioner does not claim that he did not participate in the crime; rather, he contends only that he was entrapped into participating. Entrapment, however, establishes only legal innocence, not factual innocence, and thus cannot establish actual innocence sufficient to overcome the procedural bar to petitioner's application. *See Dionne v. Foster*, No. CV99-0150-N, 2007 WL 881849, at *2 (D. Idaho Mar. 21, 2007); *United States ex rel. Juarez v. Gilmore*, No. 95 C 4297, 1997 WL 567820, at *5 n.3 (N.D. Ill. Sept. 5, 1997); *Diaz v. United States*, 924 F. Supp. 898, 902-03 (C.D. Ill. 1996). *See generally*, *Eaglin v. Welborn*, 57 F.3d 496, 501 (7th Cir. 1995) ("[E]ntrapment is an excuse for, not a denial of, crime. A defendant prevented from asserting the defense in violation of state law cannot complain that the violation created a peril of convicting an innocent person."). Because petitioner's application asserts only legal innocence, and does not rely on any new, reliable evidence tending to show his factual innocence, his actual innocence claim is insufficient to overcome the statute of limitations bar.

C.      *Conclusion*

In view of the foregoing, the Court should conclude that petitioner's application for the writ of habeas corpus is barred by the statute of limitations governing habeas petitions. Accordingly, the

7

Court should grant respondent's motion to for summary judgment and should dismiss the petition.

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives<br>
PAUL J. KOMIVES<br>
UNITED STATES MAGISTRATE JUDGE

Dated: 10/16/08

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on October 16, 2008.
>
> s/Eddrey Butts
> Case Manager